IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PPG INDUSTRIES, INC., : | |
| : | ELECTRONICALLY FILED |
| Plaintiff, : | |
| : | Civil Action No.  09-0785 |
| v. : | |
| : | Judge Gary L. Lancaster |
| SHELL CHEMICAL LP AND : | |
| MOTIVA ENTERPRISES LLC, : | |
| : | |
| Defendants. : | |
| : | |

**STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation of the parties and approved by the Court, it is hereby STIPULATED AND AGREED by the Parties and ORDERED, ADJUDGED, and DECREED by the Court that:

**MATERIALS COVERED**

1. This Stipulated Confidentiality Agreement and Protective Order shall apply to all confidential and proprietary information and documents produced or disclosed by any party or non-party during the course of the above-captioned action, including information and documents disclosed:

    a. in initial disclosures pursuant to Rule 26;

    b. through discovery;

    c. at any hearing;

    d. in any pleading, document, affidavit, brief, motion, transcript, or other writing; or

  e.  in testimony given in a deposition, hearing or trial, and any copies, notes, abstracts or summaries of such information.

  The information and documents described in this paragraph shall hereinafter be referred to as "Litigation Materials."

2. "Confidential" information shall mean any Litigation Materials that contain or refer to the Producing Party's trade secrets, nonpublic business information, or other financial information, or any other information of a confidential or proprietary nature, the disclosure of which would or might be harmful to the Producing Party's proprietary or business interests. "Confidential/Restricted" information shall mean any Litigation Materials that contain or refer to the Producing Party's trade secrets, nonpublic business information, or other financial information, including but not limited to projected sales or strategic presentations and/or materials, or any other information of a confidential or proprietary nature that could be used by a receiving party outside of this litigation to the competitive disadvantage of the Producing Party and, accordingly, the disclosure of which would or might be harmful to the Producing Party's proprietary or business interests.  The term "Producing Party" shall mean any party and/or non-party who either produces or testifies as to Confidential or Confidential/Restricted information or who asserts a confidentiality interest in information produced or testimony given by another in this action.  As used in this order, the term "document" shall include written, electronic, recorded or graphic material of any type, including computer software and databases.

## **METHOD OF DESIGNATION**

3. Any Producing Party may designate as "Confidential" or "Confidential/Restricted" any Litigation Materials in the following manner:

a. The Producing Party shall mark any Litigation Materials it wishes to designate as "Confidential" or "Confidential/Restricted" with a confidentiality marking or stamp or, if impractical due to the nature of Litigation Materials, shall give notice of such Confidential nature at the time of production.

b. Deposition or other testimony taken in this action, including any document marked for identification during a deposition, may be designated "Confidential" or "Confidential/Restricted" by any one of the following means; (i) by stating orally on the record that the information is "Confidential" or "Confidential/Restricted" on the day the testimony is given; (ii) by sending written notice to the other party designating information as "Confidential" or "Confidential/Restricted" within thirty (30) business days after the transcript of the testimony is delivered to the party designating the testimony as "Confidential" or "Confidential/Restricted"; or (iii) by stamping or writing the legend "Confidential" or "Confidential/Restricted" on the relevant portion of the transcript or document at or before the signing of the transcript by the witness or as soon thereafter as practicable.  All information disclosed during a deposition shall be deemed to have been designated "Confidential/Restricted" for thirty (30) business days after the transcript of the deposition has been delivered, whether or not any portion of the transcript or document has been so designated previously.  Written notices of "Confidential" or "Confidential/Restricted" information contained in a deposition transcript shall be attached by each party to the face of the relevant transcript and each copy thereof in its possession, custody or control.

    c.     Any party may designate a document produced by a non–party pursuant to subpoena, order of court, or otherwise as "Confidential" or "Confidential/Restricted" by sending written notice to all parties herein designating such document as "Confidential" or "Confidential/Restricted" within fifteen (15) business days after the document is delivered to the party designating the document as confidential.  All documents produced by non-parties shall be deemed to have been designated "Confidential/Restricted" for fifteen (15) business days after the documents have been delivered, whether or not any portion of the document has been so designated previously.

    d.     In the event that a party produces two or more identical or substantially identical copies of a document, and any copy is designated "Confidential" or "Confidential/Restricted" while one or more other copies are not so designated, all such identical or substantially identical documents shall be treated as "Confidential" (if all designated copies have been marked as "Confidential") or "Confidential/Restricted" (if one or more designated copies have been marked as "Confidential/Restricted") once the inconsistent designation is known.  The producing party shall be responsible for making the inconsistency known.

### TREATMENT OF ALL CONFIDENTIAL MATERIALS

4.    No copies of "Confidential" or "Confidential/Restricted" materials shall be made except to the extent necessary for the preparation and conduct of this litigation, including discovery, motion practice, evidentiary hearings, trial and appeal.  Any person responsible for making such

copies must ensure that the copies adequately reflect any "Confidential" or "Confidential/Restricted" stamp or legend thereon.

5. All "Confidential" materials produced by a Producing Party, including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence, and shall not be disclosed to any person, except as follows:

    a.    the court and its staff in connection with this civil litigation;

    b.    any court reporter who records any deposition or other testimony in this case;

    c.    any attorney of record for the parties in the above-captioned action, and in-house counsel for the parties and their corporate affiliates;

    d.    any attorney, paralegal, clerical employee, and/or clerk retained or employed and supervised by counsel of record who is working on the prosecution or defense of this action;

    e.    employees of the parties and of the parties' affiliates;

    f.    any actual or prospective expert or consultant identified and/or retained by either party to assist it in the litigation between the parties;

    g.    persons presently employed or retained by the Producing Party;

    h.    former employees of the Producing Party called as witnesses for testimony in deposition or at trial; and

    i.    any person having written or received such document independent of discovery in the above-captioned action, but disclosure shall be limited only to the specific document(s) which the person in question wrote or received.

6.     All "Confidential/Restricted" materials produced by a Producing Party, including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence, and shall not be disclosed to any person, except as follows:

    a.     the court and its staff in connection with this civil litigation;

    b.     any court reporter who records any deposition or other testimony in this case;

    c.     any attorney of record for the parties in the above-captioned action, and in-house counsel for the parties and their corporate affiliates, except for those in-house counsel involved in strategic and decision making processes for the business;

    d.     any attorney, paralegal, clerical employee, and/or clerk retained or employed and supervised by counsel of record who is working on the prosecution or defense of this action;

    e.     any actual or prospective expert or consultant identified and/or retained by either party to assist it in the litigation between the parties;

    f.     persons presently employed or retained by the Producing Party;

    g.     former employees of the Producing Party called as witnesses for testimony in deposition or at trial but only to the extent that such materials refer to, relate or reflect events which occurred prior to or during that employment; and

    h.     any person having written or received such document independent of discovery in the above-captioned action, but disclosure shall be limited only to the specific document(s) which the person in question wrote or received.

7. Prior to disclosure of Confidential or Confidential/Restricted material pursuant to 5(f) or 6(e), the opposing party must receive notification of the proposed expert/consultant and disclosure. When notifying the opposing party, a brief summary of the proposed expert/consultant and a signed Nondisclosure Agreement in the form annexed hereto marked as Exhibit A must be given. After the opposing party has received the aforementioned notifying materials, it shall have ten (10) business days to object in writing to the disclosure of confidential material to the proposed expert/consultant. Disclosure of the confidential material to the expert/consultant shall not be made until after resolution of any timely objections or after the ten (10) business days of the opposing party's receipt of notification has expired.

In the event that any party desires to disclose to any person not included in 5 (a) through (f) and 6 (a) through (e) above any Confidential or Confidential/Restricted materials, it shall provide at least ten (10) business days advance notice in writing. Should the Producing Party object in writing to the disclosure of such materials to that person, the party seeking to disclose may seek an order from the Court. Until the Court resolves the application, no such disclosure shall be made.

8. All persons authorized by this Stipulated Confidentiality Agreement and Protective Order to receive copies of Confidential and Confidential/Restricted materials and/or information there from shall maintain such information as "Confidential" and "Confidential/Restricted" in accordance with this Stipulated Confidentiality Agreement and Protective Order, and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation.

## CLAWBACK FOR INADVERTENT PRODUCTION
## OF PRIVILEGED INFORMATION

9.      The inadvertent production of documents, information, or electronically stored information ("ESI") subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity (collectively, the "Protected Material") shall not constitute a waiver of such privilege(s).  Inadvertent production of Protected Material shall be handled as follows, which the parties hereby agree constitutes "reasonable steps" under Rule 502(b)(3) of the Federal Rules of Evidence:

   a.   In the event that (i) the Producing Party produces documents or materials that appear on their face to be or otherwise contain Protected Material or (ii) the Producing Party provides written notice that it has inadvertently produced Protected Material, the receiving party shall promptly return all copies of the Protected Material (including electronic copies of ESI) or destroy them at the Producing Party's request unless it intends to challenge the claim of inadvertent production in the manner set forth in Paragraphs 9(b) and (c).  The receiving party shall also refrain from disclosing the substance of the Protected Materials to any person.  If the Producing Party requests that the Protected Material be destroyed, the receiving party shall provide a written certificate of compliance within thirty (30) days stating that the Protected Material has been destroyed.

   b.   If the receiving party believes that it has a good faith basis for challenging the claim that the inadvertently-disclosed documents or material is privileged or otherwise protected from discovery, the receiving party shall provide the

        Producing Party with a written explanation of the good faith basis for its belief that the inadvertently produced documents or material is not privileged or otherwise protected from discovery. This written explanation shall be provided within ten (10) business days after written notice under Paragraph 9(a)(ii) is received. The Producing Party shall respond in writing to the receiving party's written explanation within ten (10) business days after receiving that written explanation.

    c.    In the event that the parties cannot agree to the privileged or non-privileged status of the inadvertently-produced documents or material, the receiving party may promptly file a motion with the court for the sole purpose of seeking a determination of the issue pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. The receiving party must file its supporting brief and/or exhibits under seal if it intends to file the inadvertently-produced document or material or otherwise describe its substance. If the receiving party files such a motion, the Producing Party shall have the burden of proving that the documents or materials constitute Protected Material.

10.    Any Protected Material that is inadvertently disclosed by the Producing Party shall be and remain the property of the Producing Party.

### INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

11.    In the event any party inadvertently discloses Confidential or Confidential/Restricted materials to someone not authorized to receive such information under this Stipulated Confidentiality Agreement and Protective Order that party shall upon learning of the disclosure:

    a.    immediately notify the person to whom the inadvertent disclosure was made that it may contain "Confidential" or "Confidential/Restricted" information subject to this Stipulated Confidentiality Agreement and Protective Order;

    b.    immediately make all reasonable efforts to preclude further dissemination or use by the person to whom disclosure was inadvertently made; and

    c.    immediately notify the Producing Party of the identity of the person(s) to whom disclosure was inadvertently made, the circumstances surrounding disclosure, and the steps taken to ensure against the dissemination or use of the information.

## FILING OF CONFIDENTIAL MATERIALS

12.    If Confidential or Confidential/Restricted materials or quotes from or references to such materials are included in papers or motions filed with or otherwise disclosed to the Court, such papers or motions shall be labeled "Confidential Subject to Protective Order" or "Confidential/Restricted Subject to Protective Order" and filed under seal.

13.    Nothing contained herein shall prevent any of the parties from using "Confidential" or "Confidential/Restricted" information in connection with any submission filed with the Court (as long as submissions that contain or refer to Confidential materials are filed in accordance with Paragraph 12 above), or in trial, a hearing, or any other proceeding in this action.

14.    Nothing contained herein shall prevent any party from seeking further protection with respect to the use of any "Confidential" or "Confidential/Restricted" information in connection with any trial, hearing, or other proceeding in this action.

## OBJECTIONS TO CONFIDENTIALITY

15. If any party disputes the confidentiality of any "Confidential" or "Confidential/Restricted" materials, that party shall state the objection by letter to opposing counsel. If the parties are then unable to resolve any such objection, any party may move the Court to do so. The party asserting that the materials in question are "Confidential" or "Confidential/Restricted" in nature shall have the burden of proving that the materials constitute "Confidential" or "Confidential/Restricted" information. Until the Court rules on any such motion, the materials shall continue to be deemed "Confidential" or "Confidential/Restricted" under the terms of this Stipulated Confidentiality Agreement and Protective Order, and all other terms and conditions of this Stipulated Confidentiality Agreement and Protective Order shall remain in full force and effect.

## SUBPOENA BY THIRD PARTY

16. If any party receives a subpoena or document request from a non-party to this Stipulated Confidentiality Agreement and Protective Order seeking production or other disclosure of a Producing Party's Confidential or Confidential/Restricted materials, the party shall give written notice to the other within ten (10) business days, identifying the Confidential or Confidential/Restricted materials sought and enclosing a copy of the subpoena or document request. Subject to the duty to comply with such subpoena or document request, no production or disclosure of Confidential or Confidential/Restricted materials shall be made until the Producing Party has received a reasonable opportunity to consider or respond to the subpoena or document request.

## AMENDMENT TO THIS
## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

17. The provisions of this Stipulated Confidentiality Agreement and Protective Order may be modified at any time by written stipulation of the parties as approved by an Order of Court. In addition, a party may at any time apply to the Court for modification of this Stipulated Confidentiality Agreement and Protective Order pursuant to a motion brought in accordance with the rules of the Court.

## RESERVATION OF RIGHTS

18. Nothing contained in this Stipulated Confidentiality Agreement and Protective Order shall prevent any party from disclosing its own "Confidential" or "Confidential/Restricted" information to any person.

19. Nothing contained in this Stipulated Confidentiality Agreement and Protective Order shall constitute: (a) an admission by any party that any information contained in Confidential or Confidential/Restricted materials is, in fact, confidential, even if the party has not objected to the "Confidential" or "Confidential/Restricted" status of the Confidential or Confidential/Restricted materials; (b) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon, or required by rules of Court or by Court Order; (c) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or in any other action; (d) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information; or (e) a waiver by any party of its right to apply to the Court for an order designed to preserve the confidentiality of its confidential information at trial.

20. Nothing contained in this Stipulated Confidentiality Agreement and Protective Order shall prevent: (i) any party from moving the court to modify the term(s) of this Stipulated Confidentiality Agreement and Protective Order if the moving party believes those terms (as originally agreed upon) are hampering its efforts to prepare for trial; (ii) any party from applying to the court for further or additional protections; or (iii) the parties from agreeing to modify any terms contained herein, subject to court approval.

21. Nothing contained in this Stipulated Confidentiality Agreement and Protective Order shall be construed to prevent any party or its counsel from making use as that party or its counsel sees fit of documents or information that were lawfully available to the public or lawfully in the possession of the party, counsel or expert prior to another party's providing them, or that properly came into the possession of the party, counsel or expert independent of this litigation, or that were obtained from non-parties in the course of this litigation and were not designated as "Confidential" or "Confidential/Restricted" by that non-party.

## **CONCLUSION OF THE LITIGATION**

22. Within sixty (60) days of the conclusion of this action, including any post-trial motions or appellate proceedings, every party shall secure the return to the Producing Party of all of their Confidential or Confidential/Restricted materials (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed, and shall either destroy all such materials or return them to the Producing Party. Counsel may retain their work product, court filings, and official transcripts and exhibits, provided that counsel and the parties continue to treat them in the manner provided herein.

**CONTINUING EFFECT**

23.     Insofar as the provisions of this Stipulated Confidentiality Agreement and Protective Order restrict the use or communication of any document or information produced hereunder, such Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Stipulated Confidentiality Agreement and Protective Order and the Court shall retain jurisdiction of all parties bound hereby for the purposes of this Stipulated Confidentiality Agreement and Protective Order.

| IT IS SO STIPULATED:<br><br>Respectfully submitted,<br><br><br>_s/Douglas J. Simmons_<br>Michael G. Zanic (PA 56872)<br>Douglas J. Simmons (PA 69401)<br>Emily S. Gomez (PA 206926)<br>K&L Gates LLP<br>Henry W. Oliver Building<br>535 Smithfield Street<br>Pittsburgh, PA 15222<br>(412) 355-6500 – phone<br>(412) 355-6501 – facsimile | IT IS SO STIPULATED:<br><br>Respectfully submitted,<br><br><br>_s/John V. Gorman (*pro hac vice*)_<br>Elizabeth Windsor (PA 92010)<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Oxford Centre<br>Pittsburgh, PA 15219-6401<br>412.560.3300<br><br>OF COUNSEL:<br>Eric Kraeutler (PA 32189)<br>John V. Gorman (PA 80631)<br>Diana P. Cortes (PA 204274)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>215.963.5000 |
|---|---|
| Attorneys for Plaintiff PPG Industries, Inc. | Attorneys for Defendants Shell Chemical LP and Motiva Enterprises LLC |

SO ORDERED:

DATE:  December 21, 2009        s/Gary L. Lancaster
                                _____
                                Gary L. Lancaster, Chief U.S. District Judge

15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PPG INDUSTRIES, INC., | : | |
| | : | ELECTRONICALLY FILED |
| Plaintiff, | : | |
| | : | Civil Action No.  09-0785 |
| v. | : | |
| | : | Judge Gary L. Lancaster |
| SHELL CHEMICALS, LP AND MOTIVA ENTERPRISES LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**EXHIBIT A**
**NONDISCLOSURE AGREEMENT**

I,_____ , understand that information and documents which are to be disclosed to me by counsel of record for are to be used by me solely to assist such counsel in the prosecution or defense of the claims involved or relating to the above-captioned action.

I further understand that a Stipulated Confidentiality Agreement and Protective Order entered by the Court, a copy of which has been provided to me, prohibits me from using such information and documents for any other purpose and from disclosing such information and documents to any person other than counsel of record or persons assisting them. In accepting the information and documents disclosed to me, I agree to be bound by the Stipulated Confidentiality Agreement and Protective Order and submit to the jurisdiction of the Court for the purposes of its enforcement.


Date:_____          Name:_____