IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PPG INDUSTRIES INC.                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )   Civil Action No. 09-0785
                                   )
SHELL CHEMICAL LP;                 )
MOTIVA ENTERPRISES LLC,            )
                                   )
            Defendants.            )

MEMORANDUM AND ORDER

Gary L. Lancaster,                          January 28, 2010
Chief Judge.

        This is an action for an alleged breach of contract.

Plaintiff   PPG   Industries   ("PPG"),   based   in   Pittsburgh,

Pennsylvania, alleges that Shell Chemical and Motiva Enterprises

(collectively "Shell"), both based in Houston, Texas, improperly

terminated a three-year agreement to purchase PPG's diaphragm-grade

liquid caustic soda for use at Shell's refining facilities in

Texas.   PPG raises four counts, seeking: 1) declaratory judgment;

2) breach of contract; or, in the alternative, 3) unjust enrichment

and 4) detrimental reliance/promissory estoppel.   [Doc. No. 1].

PPG seeks monetary damages, including damages for breach of

contract and attorneys' fees.

        Defendants have filed a Rule 12(b)(3) motion to dismiss

for improper venue, or to transfer venue.   Federal Rule of Civil

Procedure 12 (b)(3).   [Doc. No. 12]. Defendants contend that PPG

supplied goods under purchase orders containing a forum selection

clause that gives jurisdiction over this dispute to courts of Houston, Texas.   Plaintiff responds that whether the forum selection clause is operative is a matter of dispute.   [Doc. No. 16].

In the alternative, defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).   Defendants assert that plaintiff's claims for declaratory judgment and breach of contract fail to state a claim for relief under the applicable statute of frauds in either Texas or Pennsylvania.   Defendants also contend that plaintiff's alternative claims for unjust enrichment and detrimental reliance/promissory estoppel fail to state a claim for relief because the written purchase orders operate as written contracts between the parties, thereby barring quasi-contractual claims for relief.   Plaintiff responds that its complaint adequately alleges claims for relief.

For the reasons to follow, Shell's motions to dismiss and transfer venue will be denied.

I. Factual allegations

Plaintiff's complaint alleges the following facts, which are taken as true in the following discussion, solely for the purpose of evaluating Shell's motion:

Plaintiff, PPG Industries, is a Pennsylvania corporation

with its principal place of business in Pittsburgh, Pennsylvania. Defendant, Shell Chemical LP, is a limited partnership with its principal place of business in Houston, Texas.  Defendant, Motiva Enterprises LLC, is a limited liability company with its principal place of business in Houston, Texas.

In early 2001, PPG entered into an agreement with Equiva Services LLC - a Shell affiliate - for the supply of PPG's diaphragm-grade liquid caustic soda and mercury cell-grade liquid caustic soda for Equiva and its affiliates, including Motiva Enterprises, LLC. Among the locations supplied with PPG's caustic soda under this agreement was Motiva's Deer Park, Texas facility.

The parties began performance of this contract several months before the formal memorialization of their agreement. The agreement PPG executed in 2001 provided for a seven-year term, from January 1, 2001 through December 31, 2007.  According to the agreement, its term would automatically renew for another year unless the parties gave notice of termination within twenty-four months of the initial expiration date.  Because neither party issued a termination notice, the agreement's expiration date automatically extended through December 31, 2008.  However, in 2006, Shell and PPG agreed to amend the 2001 agreement.

In March 2007, PPG representatives met with Shell representatives, including Mr. Hans De Jong, who advised PPG that Shell was seeking caustic supply agreements for a three-year

3

period, from 2008-2010. Shell's representative advised that Shell wanted the price term in the new three-year agreement to be fixed with quarterly adjustment tied to a contract average price established by industry publications such as the Harriman index. PPG informed Shell that, in light of the tight caustic market, PPG was forgoing other customer opportunities to enter into a three-year agreement with Shell.

In their communications, Mr. De Jong and PPG agreed that: 1) PPG was awarded 65% of Shell's annual diaphragm-grade caustic usage at Deer Park, Texas, and 80% of Shell's annual usage at Port Arthur Texas; 2) the award was for a three-year period; and 3) the award used the quarterly pricing mechanism tied to the Harriman index.   Mr. De Jong advised PPG that he would present this agreement to Shell's global contract board for ratification in mid-January 2008, but then moved the date into mid-March 2008. Ultimately, an agreement was never ratified by the contract board.

Between January 1, 2008 and March 31, 2008, PPG shipped more than 12,000 dry short tons of diaphragm-grade caustic to Shell, and received payment under the quarterly pricing mechanism. During that time, the market price of caustic rose, meaning the payments PPG received from Shell were less than what PPG could have obtained by selling on the open market.

In the meantime, the parties began to perform, with PPG shipping, and Shell accepting, caustic shipped to the specified

4

facilities.    During  the  summer  and  fall  of  2008,  the  parties exchanged,  but  did  not  finalize,  drafts  of  documents  that  would memorialize the commercial and non-commercial terms the parties had agreed to.

In the latter part of December 2008, the market price for caustic peaked, and began to decline.  At that point, Shell began to be billed, and paid for, caustic at an above-market price.   In January 2009, Shell representatives informed PPG of its displeasure at paying above-market prices.  Ultimately, the parties were unable to resolve the difference, and Shell canceled its purchase orders for caustic effective May 24, 2009.  PPG filed the instant suit on June 17, 2009, alleging breach of contract, or in the alternative, unjust  enrichment  and  promissory  estoppel.    PPG  alleges  that between January 1, 2009 and May 24, 2009, it supplied Shell with approximately 45,000 dry short tons of diaphragm-grade caustic, and that Shell paid approximately $10 million below prevailing market prices.

I. <u>Motion to transfer venue</u>

Shell  first  moves  to  dismiss  under  Rule  12(b)(3)  of  the Federal Rules of Civil Procedure, contending that PPG supplied goods  in  accordance  with  individual  purchase  order  agreements, rather  than  a  three-year  contract.    Those  purchase  orders  contain a forum selection clause that gives jurisdiction over this dispute

to the courts of Houston, Texas.[1]   In the alternative, Shell moves
the court to transfer the case to the Southern District of Texas.

In a Rule 12(b)(3) motion, the movant bears the burden of
proving the impropriety of the venue in the judicial district
selected by plaintiff.   See <u>Myers v. American Dental Ass'n</u>, 695
F.2d 716, 724 (3d Cir. 1982); <u>Heft v. AAI Corp.</u>, 355 F.Supp. 2d
757, 762 (M.D. Pa. 2005).[2]   To prevail on its motion to dismiss for
improper venue, Shell is required to make an evidentiary showing

---

[1]

We note that the federal circuits are split on the question of
whether a motion to dismiss based on a forum selection clause
should be brought under 12(b)(3) or 12(b)(6).   Some district courts
have rejected dismissal under either rule and instead have
determined that transferring pursuant to § 1404(a) is the preferred
way of dealing with a forum selection clause, so long as venue is
appropriate in the chosen district.   See 5B The Late Charles Alan
Wright, Arthur Miller & Mary Kay Kane, Federal Practice and
Procedure, § 1352 (3d ed. 2009) (noting the split in circuits).
The United States Court of Appeals for the Third Circuit has not
resolved the issue.   See <u>Salovaara v. Jackson Nat'l Life Insur.
Co.</u>, 246 F.3d 289, 298 n. 6 (3d Cir. 2001) (noting that "there is
much disagreement over whether dismissal (where appropriate) should
be made pursuant to Fed. R. Civ. P. . . . 12(b)(3), or 12(b)(6)"
and affirming the district court's decision to dismiss the
complaint under 12(b)(6)).   Because most of the decided cases
appear to find that a motion to dismiss based upon a forum
selection clause is properly brought pursuant to Rule 12(b)(3), we
apply that standard to defendants' motion to dismiss.

[2]

Courts are also split on whether it is the defendant or the
plaintiff that has the burden of establishing proper venue.   The
Third Circuit appears to place the burden on the defendant to show
that venue is improper.   See <u>Simon v. Ward</u>, 80 F.Supp.2d 464, 468
(E.D. Pa. 2000) (holding that the burden is on defendant but that
"confusion . . . appears to reign among the district courts of this
circuit" on the question of burden of proof in venue questions);
<u>Jordan Acquisitions Group LLC v. Adam Technologies, Inc.</u>, No. 09-
542, 2009 WL 2473987, at *2 (W.D. Pa. Aug. 12, 2009) (placing the
burden on the defendant, as the moving party).

that the selected venue is inappropriate.  See Simon v. Ward, 80
F.Supp. 2d 464, 466-48 (E.D. Pa. 2000).  The parties may "submit
affidavits in support of their positions, and may stipulate as to
certain facts, but the plaintiff is entitled to rely on the
allegations of the complaint absent evidentiary challenge." Heft,
355 F.Supp.2d at 762 (citing Carteret Sav. Bank, F.A. v. Shushan,
954 F.2d 141, 142 & n. 1 (3d Cir. 1992); Myers, 695 F.2d at 724).
A district court may examine facts outside the complaint to
determine whether its venue is proper, but must draw all reasonable
inferences and resolve all factual conflicts in plaintiff's favor.
Heft, 355 F.Supp. 2d at 762; see also 5B The Late Charles Alan
Wright & Arthur Miller, Federal Practice and Procedure, § 1352 (3d
ed. 2009).

          To enforce the forum selection clause, it must first be
determined that the clause is valid and that the present action
falls within the scope of the clause.  Federal law, not state law,
is applied to the validity of a forum selection clause in a federal
diversity case such as this.  Jumara v. State Farm Ins. Co., 55
F.3d 873, 877-878 (3d Cir.1995) (citing Stewart Org., Inc. v. Ricoh
Corp., 487 U.S. 22 (1988)). Forum selection clauses are prima facie
valid and should be enforced unless enforcement is shown to be
unreasonable under the circumstances.  The Bremen v. Zapata
Off-Shore Co., 407 U.S. 1, 10 (1972); Foster v. Chesapeake Ins.
Co., Ltd., 933 F.2d 1207, 1219 (3d Cir. 1991). A forum selection

clause will be found unreasonable, and therefore not enforceable, if (1) it was procured by fraud, undue influence, or overweening bargaining power, (2) enforcement would contravene a strong public policy of the forum in which the suit is brought, or (3) litigating in the designated forum would be so seriously inconvenient that the plaintiff will for all practical purposes be deprived of his or her day in court. The Bremen, 407 U.S. at 15, 18.  The party seeking to avoid the forum selection clause bears the burden of proving its unreasonableness.  Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 592 (1991); The Bremen, 407 U.S. at 17.

Here, Shell contends that the purchase orders it issued, and that PPG accepted, are enforceable agreements containing the following forum selection clause: "The construction and performance of the [purchase order] or Contract shall be governed by U.S. law, state of Texas, and the courts in Houston, Texas shall have exclusive jurisdiction."[3]  Shell argues, therefore, that the case should be dismissed because the parties have an enforceable agreement containing a valid forum selection clause.

PPG, in its response to Shell's motion to dismiss for improper venue, contends, inter alia, that whether the purchase orders are enforceable contracts is a matter of dispute.  PPG notes

---

[3]

Although PPG only referenced the parties' purchase orders in passing in its complaint, we are permitted, as noted, to "examine facts outside the complaint to determine whether its venue is proper."  Heft v. AAI Corp., 355 F.Supp. 2d 757, 762 (M.D. Pa. 2005).

that the purchase orders also state that "[w]here a [purchase order] or Contract is issued under the terms of an existing contract, the terms of that existing contract shall prevail." In its complaint, PPG pled that the parties had an existing contract in the form of the three-year agreement. PPG also pled that it would not have sold Shell the caustic at a below-market price absent the three-year agreement. As a result, the court concludes that dismissal for improper forum based on a disputed forum selection clause found in those purchase orders would be inappropriate.

In the alternative, Shell argues that the court should transfer venue to the courts of Houston, Texas. Defendant again bears the burden of establishing that a venue transfer is warranted. Simon, 80 F.Supp. 2d at 470. When ruling on a defendant's motion to transfer "the plaintiff's choice of venue should not be lightly disturbed." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

Questions of venue transfer are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. Jumara, 55 F.3d at 878. "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." Id. A forum selection clause is not dispositive, but it is entitled to

substantial consideration. However, statutory factors such as, the convenience of witnesses and the interest of justice, "cannot be automatically outweighed by the existence of a purely private agreement between the parties." <u>Plum Tree, Inc. v. Stockment</u>, 488 F.2d 754, 758 (3d Cir. 1973).  Such an agreement does not obviate the need for an analysis of the factors set forth in § 1404(a) and does not necessarily preclude the granting of the motion to transfer. <u>Id</u>.

In deciding whether to transfer this case, we are not limited to the factors enumerated in section 1404(a), but are allowed to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." <u>Jumara</u>, 55 F.3d at 879 (citation omitted).

We are allowed to consider factors such as plaintiff's forum preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses (to the extent that the witnesses may be unavailable for trial in one of the fora), and the location of books and records (to the extent that they could not be produced in the alternative forum). <u>Id</u>. Other factors that courts may take into account include enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, the relative

10

administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases. Id.

After weighing all the factors, the court finds that venue is proper in the United States District Court for the Western District of Pennsylvania. Shell does not allege that it would be inconvenient to litigate in this forum. Defendants' sole argument in favor of transferring for improper venue is that the forum selection clause found in the purchase orders dictates that venue is proper in the courts of Houston, Texas. However, as already discussed, whether the forum selection clause is operative at all is central to this dispute. Even if it were operative, it is only one factor for the court to consider. As for the other factors, the court finds that they do not weigh heavily in favor of either party. Plaintiff's choice of forum is to be given substantial deference, especially when it has chosen its home forum, as here. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981) (stating that "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient"). As a result, we shall give deference to plaintiff's choice of forum, and decline to transfer venue to the courts of Houston, Texas. Defendant's 12(b)(3) motion to dismiss will, therefore, be denied.

11

II.  Motion to dismiss

        Shell next contends that PPG has failed to state a claim
upon which relief may be granted.  In considering a Rule 12(b)(6)
motion, we must be mindful that federal courts require notice
pleading, as opposed to the heightened standard of fact pleading.
Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and
plain statement of the claim showing that the pleader is entitled
to relief,' in order to 'give the defendant fair notice of what the
. . . claim is and the grounds on which it rests.'"  Bell Atlantic
Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v.
Gibson, 355 U.S. 41, 47 (1957)).

        To survive a motion to dismiss, a complaint must contain
sufficient facts that, if accepted as true, state "a claim to
relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct.
1937, 1949 (2009) (quoting Twombly, 550 at 570)).  A claim has
facial plausibility when a plaintiff pleads facts that allow the
court to draw the reasonable inference that the defendant is liable
for the misconduct alleged. Iqbal, 129 S.Ct. at 1949.   However,
the court is "'not bound to accept as true a legal conclusion
couched as a factual allegation.'"   Iqbal, 129 S.Ct. at 1950
(quoting Twombly, 550 U.S. at 555)); see also Fowler v. UPMC
Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

        Therefore, when deciding a motion to dismiss under Rule
12(b)(6), we apply the following rules.  The facts alleged in the

                                12

complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.   We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits.   Twombly, 550 U.S. at 556, 563 n.8.   Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.   Id. at 556.   In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted.   Id. at 563 n.8.

       It is on this standard that the court has reviewed defendants' motion.   Based on the pleadings of record and the briefs filed in support of and opposition thereto, the court is persuaded that plaintiff has alleged facts that "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1964-65 (citations omitted).   Shell contends that PPG has not alleged that the parties have sufficiently memorialized the purported three-year agreement to avoid the statute of frauds.   On a Rule 12(b)(6) motion "an affirmative defense, such as the statute of frauds defense . . . is

13

appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff." <u>Flight Systems, Inc. v. Electronic Data Systems Corp.</u>, 112 F.3d 124, 127 (3d Cir. 1997). Here, the court finds that PPG did plead the existence of communications between the parties in the form of telephone calls, meetings, and emails, that could establish the existence of a three-year agreement. As a result, at this stage, the statute of frauds does not present an insuperable barrier to recovery by PPG.

In conclusion, the court finds that PPG has pled facts sufficient to satisfy its burden at this stage of the proceedings. Shell's motion to dismiss for failure to state a claim will, therefore, be denied without prejudice to raise again on a more fully developed record.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PPG INDUSTRIES INC.                    )
                                       )
          Plaintiff,                   )
                                       )
          v.                           )    Civil Action No. 09-0785
                                       )
SHELL CHEMICAL LP;                     )
MOTIVA ENTERPRISES LLC,                )
                                       )
          Defendants.                  )

ORDER

AND NOW, this 28 day of January, 2010, IT IS HEREBY
ORDERED that defendants' motion to dismiss plaintiff's complaint
for improper venue, and/or to transfer venue [Doc. No. 12], is
DENIED.  IT IS FURTHER ORDERED that defendants' motion to dismiss
for failure to state a claim [Doc. No. 12] is DENIED without
prejudice to defendants' right to raise this argument again on a
more fully developed record.

BY THE COURT:

_____, Chief J.
Gary L. Lancaster

cc:      All counsel of record